
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALEXANDRA KETCHAM,<br><br>                          Plaintiff,<br>    v.<br><br>CORELLE BRANDS LLC,<br><br>                          Defendant. | CASE NO. C20-0777JLR<br><br>ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICITON |

    Before the court is Plaintiff Alexandra Ketcham's complaint (Compl. (Dkt. # 1-1)) and Defendant Corelle Brands LLC's ("Corelle") notice of removal (NOR (Dkt. # 1)). Having reviewed the complaint and the notice of removal, the court finds that Corelle has failed to allege an adequate basis for subject matter jurisdiction. The court therefore orders Corelle, within seven (7) days of the date of this order, to serve and file a submission that includes the following information:

    Corelle asserts that the court's jurisdiction is based on diversity of citizenship. (NOR ¶¶ 3-5.) For purposes of assessing diversity jurisdiction, the court must consider

ORDER - 1

the domicile of all members of a limited liability company. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *see also* Local Rules W.D. Wash. LCR 101 ("If the removal is based on diversity, the notice of removal must also, to the extent possible, identify the citizenship of the parties, and, if any of the parties is a limited liability corporation (LLC), a limited liability partnership (LLP), or a partnership, identify the citizenship of the owners/partners/members of those entities to establish the court's jurisdiction."). Corelle alleges that Ms. Ketcham "is a resident of, domiciled in, and thus a citizen of the State of Washington" and that Corelle is "a Delaware corporation, with its principal place of business in Rosemont, Illinois." (NOR ¶ 5.) Yet, Corelle fails to allege the citizenship of its members. (*See generally id.*) Absent such allegations, the court cannot determine if Corelle has properly invoked this court's subject matter jurisdiction on the basis of the parties' diversity of citizenship.[1]

Accordingly, the court ORDERS Corelle to show cause why this case should not be remanded for lack of subject matter jurisdiction. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 143 (2005) ("If it appears that the federal court lacks jurisdiction, however, 'the case shall be remanded.'") (quoting 28 U.S.C. § 1447(c)). If Corelle fails

//

---

[1] The court notes that if any member of Corelle is itself a limited liability company, Corelle must provide information about the citizenship of the members of that limited liability company as well, which is determined in the same manner described above—namely, by establishing the citizenship of each member. *See Johnson*, 437 F.3d at 899 (examining the citizenship of a limited partnership whose partners included limited liability companies by looking to the citizenship of the members of those limited liability companies). This process continues until every layer of limited liability company membership has been reduced to the citizenship of its individual members.

to provide the court with the information described above within seven (7) days of the date of this order, the court will remand this case.

Dated this 18th day of August, 2020.

JAMES L. ROBART
United States District Judge